UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EDNA DRAKE                                                                                                          PLAINTIFF

V.                                                                              CIVIL ACTION NO. 3:14CV30 DPJ-FKB

UNITED STATES DEPARTMENT OF EDUCATION                                          DEFENDANT

ORDER

This student-loan-debt-collection action is before the Court on multiple motions for summary judgment.  Plaintiff Edna Drake, who is proceeding pro se, filed a motion for summary judgment [13], a supplemental motion for summary judgment [19], and a motion for "immediate consideration for summary judgment" [24].  The United States Department of Education has responded in opposition to all three motions and filed its own cross-motion [27] for summary judgment, which is not addressed in this Order.  The Court, having considered the submissions of the parties, along with the pertinent authorities, finds that Plaintiff's motions [13, 19, 24] should be denied.

I.     Facts and Procedural History

Plaintiff Edna Drake is currently indebted to the federal government for the balance owed on a student loan under the Federal Family Education Loan Program.  The Department of Education is therefore garnishing Drake's wages to recover the amount due on the defaulted loan.  On January 15, 2014, Drake filed this suit against the Department of Education, essentially seeking review of a final administrative agency decision.  Plaintiff claims that the Department is "erroneously seeking to collect student loans for monies already paid."  Compl. [1] at 2.

II.     Analysis

Through her summary-judgment filings, Drake argues that her loan has been paid in full and the Department did not comply with the notice provisions of 31 C.F.R. § 901.9.  As relief, Drake asks the Court to "stop [the] collection process . . . [and] declare [the] loans paid." Compl. [1] at 2.  Through her motions for summary judgment, Drake also requests a refund of all monies collected through garnishment, a refund of monies collected in 2011, and a letter of apology to Plaintiff and her current employer, or in the alternative $5,000.  Mot. [19] at 2–3; *see also* Mot. [13] at 2–3 (requesting letter of apology or $3,000).

Drake claims that summary judgment is warranted because the Department failed to follow certain notification procedures in 31 C.F.R. § 901.9, which addresses interest, penalties, and administrative costs.  The regulation provides as follows:

> (a) Except as provided in paragraphs (g), (h), and (I) of this section, agencies shall charge interest, penalties, and administrative costs on debts owed to the United States pursuant to 31 U.S.C. [§] 3717.  An agency shall mail or hand-deliver a written notice to the debtor, at the debtor's most recent address available to the agency, explaining the agency's requirements concerning these charges *except where these requirements are included in a contractual or repayment agreement*.  These charges shall continue to accrue until the debt is paid in full or otherwise resolved through compromise, termination, or waiver of the charges.

31 C.F.R. § 901.9 (emphasis added).  The Department submits, and the Court agrees, that Plaintiff's reliance on this regulation is misplaced because her debt is part of a contractual agreement, which established the interest, penalty, and costs associated with her loan.  The terms of her student-loan promissory note control; the Department was not required to explain the charges pursuant to this regulation.

Drake also insists that she has paid the loan off in full. For example, in her most recent motion, she explains that the loan amount was $17,265 and she has paid $23,406.58 over a six-year period with an interest rate of 8%. Mot. [24] at 4. But as explained in the letter attached to Drake's motion, "credits are applied first to accrued interest and fees, and then to unpaid principal." Mot. [24], Exh. 2, Nov. 22, 2011 Letter. And the other documents that she attached to her motions do not support summary judgment in her favor finding that she has paid the balance in full—to include principal, interest, late fees, and collection costs.

Finally, Plaintiff's continued request to stop the garnishment is likewise denied for the reasons described in the Court's April 29, 2014 Order [16].

III.  Conclusion

Based on the foregoing, Plaintiff's motions for summary judgment [13, 19, 24] are denied.

**SO ORDERED AND ADJUDGED** this the 24th day of October, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE