UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EDNA DRAKE                                                                          PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:14CV30 DPJ-FKB

UNITED STATES DEPARTMENT OF EDUCATION                                DEFENDANT

ORDER

This student-loan-debt-collection action is before the Court on the United States

Department of Education's motion [27] for summary judgment and *pro se* Plaintiff Edna Drake's

motion [33] to vacate the Court's prior Order [32] denying her motions for summary judgment.

The Court, having considered the submissions of the parties, along with the pertinent authorities,

finds that Plaintiff's motion [33] should be denied and Defendant's motion [27] should be

granted.

I.       Facts and Procedural History

Plaintiff Edna Drake is currently indebted to the federal government for the balance owed

on a student loan under the Federal Family Education Loan Program.  The Department of

Education is therefore garnishing Drake's wages to recover the amount due on the defaulted loan.

On January 15, 2014, Drake filed this suit against the Department of Education,

essentially seeking review of a final administrative agency decision.  Plaintiff claims that the

Department is "erroneously seeking to collect student loans for monies already paid."  Compl. [1]

at 2.  She also contends that the Department of Education did not comply with 31 C.F.R. § 901.9

and it failed to advise her that she qualified for Public Student Loan Forgiveness.  *See* Pl.'s Reply

[17]; Pl.'s Reply [29].

The Department of Education addressed each of these claims in its motion for summary judgment [27], and Plaintiff has responded in opposition.  The Court has personal and subject-matter jurisdiction and, for the reasons explained below, finds that this action should be dismissed.

II.      Applicable Standards

   A.      Summary Judgment

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Id.* at 323.  The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 324 (citation omitted).  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a

genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir.

2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

        B.      Review of Agency Decision

Because the Department of Education instituted an administrative-wage-garnishment

proceeding, Drake's challenge of its decision is considered an appeal of an agency decision.

"Under the Administrative Procedures Act, the appropriate standard of review of an agency

decision is whether the agency's decision was 'arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law.'"  *Aztec Gen. Agency v. F.D.I.C.*, No. 96-60218 111 F.3d

893, 1997 WL 157042, at *1 (5th Cir. 1997) (quoting 5 U.S.C. § 706(2)(A)) (per curiam).  "The

scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to

substitute its judgment for that of the agency.  *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State

Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).  "The arbitrary or capricious standard is the

least demanding form of judicial review of administrative action.  When it is possible to offer a

reasoned explanation, based on the evidence, for a particular outcome, that outcome is not

arbitrary or capricious."  *Davis ex rel. Farmers Bank & Capital Trust Co. of Frankfort, Ky. v. Ky.

Fin. Cos. Ret. Plan*, 887 F.2d 689, 693 (6th Cir. 1989) (citing *Pokratz v. Jones Dairy Farm*, 771

F.2d 206, 209 (7th Cir. 1985)).

III.    Analysis

Through her Complaint and subsequent filings, Drake alleged that the Department of

Education failed to comply with 31 C.F.R. § 901.9, neglected to advise her of her eligibility for

Public Student Loan Forgiveness, and erred in applying her payments to her student loan.  Only

her third claim—the dispute over the amount owed—was part of her administrative proceeding.

Before delving into Drake's allegations, a brief overview of her student-loan history is helpful.

> A.      Loan History

In October 1991, Drake signed a promissory note for a Federal Family Education Loan

Program (FFELP) consolidation loan through Sallie Mae.  Under the FFELP, lenders use their

own funds to make loans to qualified borrowers.  The loans are guaranteed by state agencies or

non-profit organizations and are reinsured and subsidized by the Department of Education.

Drake consolidated three loans, for a total debt of $17,625.  Scaniffe Decl. [27-3] ¶ 12.  In that

note, she promised to pay principal, interest, and fees incurred due to default and collection

attempts.

 When Drake defaulted on her loan, the Illinois Student Assistance Commission (the

guaranty agency) paid the lender, held the note, and collected $23,594.23 in payments from

Drake.  *Id.* ¶ 14.  It ultimately assigned the delinquent account to the Department of Education

with a $16,458.86 principal balance and $6,732.80 in unpaid accrued interest, for a total debt of

$23,191.66.  *Id.* ¶ 15.

The Department of Education then attempted to collect from Drake without success and

subsequently pursued administrative wage garnishment.  Admin. Rec. [8-1] at 4, Notice of

Proposed Wage Garnishment, Oct. 28, 2012.[1]  In Response, Drake maintained that the amounts

owing were incorrect and did not account for the payments she had made.  After considering her

---

[1]  For clarity, when citing to the Administrative Record, the Court uses the page numbers
in the docket entry [8-1] (pages 1–54) to delineate individual pages, rather than the "AR" page
numbers found at the bottom of pages 4–52, *e.g.* "AR 000029."

written objections and supporting documentation, the Department issued its decision in favor of

wage garnishment.  Admin. Rec. [8-1] at 32, Garnishment Hr'g Decision, December 27, 2012.

The Department's decision explained that Drake is responsible for interest, fees, and any

charges necessary to facilitate collection and that her prior payments were applied first to accrued

interest and fees, then to unpaid principal.  So, while Drake had made significant payments

toward her debt, due to her default, accruing interest, and collection costs, she still owed over

$20,000.  Admin. Rec. [8-1] at 34.  With this background in mind, the Court turns to Drake's

claims in this suit.

        B.      Notice Provisions

Drake first alleges that the Department did not comply with the notice provisions of 31

C.F.R. § 901.9, which addresses interest, penalties, and administrative costs and provides:

> (a) Except as provided in paragraphs (g), (h), and (I) of this section, agencies shall
> charge interest, penalties, and administrative costs on debts owed to the United
> States pursuant to 31 U.S.C. [§] 3717.  An agency shall mail or hand-deliver a
> written notice to the debtor, at the debtor's most recent address available to the
> agency, explaining the agency's requirements concerning these charges *except
> where these requirements are included in a contractual or repayment agreement.*
> These charges shall continue to accrue until the debt is paid in full or otherwise
> resolved through compromise, termination, or waiver of the charges.

(Emphasis added.)  The Department submits, and the Court agrees, that Plaintiff's reliance on

this regulation is misplaced because her debt is part of a contractual agreement, which

established the interest, penalties, and costs associated with her loan.  *See* Admin. Rec. [8-1] at

33–34, Decision; *id.* at 37–38, Promissory Note.  The terms of her student-loan promissory note

control; the Department was not required to explain the charges pursuant to this regulation.

Moreover, the Department has presented evidence that it did comply with the notice

provisions applicable to administrative wage garnishment.  *See* 31 U.S.C. § 3720D (setting forth

the notice requirements, including written notice sent by mail at the last known address at least

30 days before initiation of proceeding); 34 C.F.R. § 34.4 (outlining Department of Education

authority to initiate wage garnishment and notice requirements).  It sent a Notice of Proposed

Wage Garnishment to Drake on October 28, 2012; the Garnishment Hearing Decision was issued

on December 27, 2012; and the Department garnished Drake's wages beginning November 7,

2013.  Admin. Rec. [8-1] at 4, 32, 44.  Defendant's motion for summary judgment on this claim

is granted.

        C.      Public Student Loan Forgiveness

Second, Drake claims that she qualified for Public Student Loan Forgiveness and the

Department of Education failed to inform her of her eligibility.  The Public Student Loan

Forgiveness program forgives the indebtedness of a qualified borrower after he or she works in

public service for ten years while making 120 qualified payments on the student loan.  *See* 20

U.S.C. § 1087e.  In very general terms, this benefit is available to borrowers with an eligible

Federal Direct Loan, which includes Federal Direct Stafford Loans, Federal Direct PLUS Loans,

Federal Direct Unsubsidized Stafford Loans, and Federal Direct Consolidation Loans.  *Id.*

§ 1087e(m).  The funds for these loans come directly from the Department of Education.  *Id.*

§ 1087b.

By contrast, Drake's loan is a consolidation loan under the Federal Family Education

Loan Program (FFELP), authorized by 20 U.S.C. §§ 1071 *et seq.*.  *See* Scaniffe Decl. [27-3] ¶ 12

(noting that Drake's loan was a FFELP Consolidation Loan).  As explained, under the FFELP,

lenders use their own funds to make loans to qualified borrowers, and accordingly, these loans

are referred to as indirect loans.  Federal Direct Loans are eligible for Public Student Loan

Forgiveness, but loans under FFLEP—like Drake's—are not.[2]  Drake has not come forth with

any evidence to rebut the Department of Education's proffer on this point, and the Court finds

summary judgment on this claim is also appropriate.

> D.     Balance of Loan

Third, Drake insists that she has paid the loan in full.  This claim was at the heart of

Drake's administrative wage-garnishment proceeding.  The hearing officer, in his decision, noted

that he had considered Drake's November 23, 2012 letter, her supporting documentation, the

promissory note, and Drake's Request for a Hearing.  Admin. Rec. [8-1] at 32.[3]  In addition, he

reviewed the Department's records "presented to establish the existence, amount, and past-due

status of the debt." *Id.* at 32.  These records included a statement from the Illinois Student

Assistance Commission reflecting a principal balance of $16,458.86 and an interest balance of

$6,732.80. *Id.* at 40; *see also id.* at 33 (acknowledging the statement).

The officer concluded that Drake had not presented "evidence to substantiate [her]

objection to the validity of the Department's records and [her] signed promissory note." *Id.*

After crediting recent payments from Drake, the hearing officer reported an outstanding principal

---

[2]  The Department points out that if Drake cures the default on her loan, she can pursue re-consolidation of her loan into a Direct Consolidation Loan, which is eligible for Public Student Loan Forgiveness.  Def.'s Mem. [27] at 14.

[3]  These items are likewise contained in the record of this action.  *See id.* at 7–30; *see also id.* at 2 (index of documents).

balance of $16,458.86, accrued interest of $4,237.14, and "projected collection costs of

$5,037.41." *Id.* at 34.

The question for the Court is whether the agency's decision "was based on a

consideration of the relevant factors and whether there was a clear error of judgment." *State of*

*La. ex rel. Guste v. Verity*, 853 F.2d 322, 327 (5th Cir. 1988) (internal quotation omitted).  "The

heavy burden of proof under this deferential standard falls on the Plaintiff." *Catto v. Duncan*,

No. 04 CIV. 7364 LTS/DCF, 2009 WL 928094, at *4 (S.D.N.Y. Mar. 31, 2009) (citation

omitted) (granting summary judgment in favor of the Department of Education in review of

administrative-wage-garnishment decision).  Drake has not met this burden.

Having considered the administrative record, the Court concludes that the agency's

finding as to the amount of the debt and decision to garnish Drake's wages was not arbitrary,

capricious, an abuse of discretion, or contrary to law. *See Williams v. U.S. Sec'y of Educ.*, 335 F.

App'x 670, 672 (9th Cir. 2009) (affirming the district court's finding that the agency decision

was not arbitrary, capricious, or an abuse of discretion where documents proved the existence,

amount, and past-due status of the debt); *Norasteh v. U.S. Dep't of Educ.*, No. 10 CIV. 2226

DAB JCF, 2011 WL 2473457, at *4 (S.D.N.Y. Mar. 18, 2011) (finding Department of Education

records were sufficient to "support the validity of the debt and determine [the debtor's] default

and past due amounts") (citing *Gaddy v. U. S. Dep't of Educ.*, No. 08-CV-573 (DLI) (LB), 2010

WL 1049576, at *5 (E.D.N.Y. Mar. 22, 2010) (finding similar evidence to be sufficient); *Catto*,

2009 WL 928094, at *5 (same)). *Report and Recommendation adopted*, No. 10 CIV. 2226 DAB,

2011 WL 2493968 (S.D.N.Y. June 22, 2011).

The documents Drake presented to the hearing officer, along with those she attached to her filings in this Court, do not suggest that reversal of the decision is appropriate. For example, the payment history purportedly from Illinois Student Assistance Corporation, which Drake presented to the hearing officer, reflects a running principal balance of $19,744.81, indicating that the payments made were applied to collection costs and interest, not principal. Admin. Rec. [8-1] at 17-30. While Drake's frustration with the balance due is understandable, the hearing officer's finding that payments are first applied to outstanding late charges, collection costs, and interest, before being applied to the outstanding principal, is consistent with the law. *See* 34 C.F.R. § 682.209(b)(1). In sum, the decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and should be affirmed.

In addition—or alternatively—the Department has presented the declaration of S. Dawn Scaniffe, an attorney with the Department of Education, evidencing its re-evaluation and confirmation of Drake's student-loan balance. Scaniffe, out of an abundance of caution, reviewed Drake's payment history and the accumulation of fees, interest, and collection costs and recalculated Drake's outstanding debt. Scaniffe Decl. [27-3 ] at 3–8. Scaniffe concluded that the outstanding principal ($16,458.86) is accurate and the outstanding interest calculation is incorrect, but in Drake's favor. *Id.* at 7 (finding Drake actually owed approximately $10,000 in interest, rather than the approximately $4,000 determined by the hearing officer). Drake has not come forth with contradictory evidence. Thus, to the extent Drake's challenge of her student-loan balance goes beyond an administrative appeal, the Department's motion for summary judgment is granted as to this claim.

E.      Motion to Vacate

In addition, Drake filed a motion to vacate [33] the Court's prior Order [32] denying her

three motions for summary judgment [13, 19, 24], which the Court construes as a motion for

reconsideration.  Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or

amend judgment.  But reconsideration "is an extraordinary remedy that should be used

sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  And "such a motion

is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have

been offered or raised before the entry of judgment." *Id*. (citing *Simon v. U.S.*, 891 F.2d 1154,

1159 (5th Cir. 1990)).  Instead, "a motion to alter or amend the judgment under Rule 59(e) must

clearly establish either a manifest error of law or fact or must present newly discovered evidence

and cannot be used to raise arguments which could, and should, have been made before the

judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (citations and

quotations omitted).

The Court has reviewed Drake's filing and concludes that it merely rehashes her

arguments with respect to 31 C.F. R. § 901.9 and the amount of the debt—claims which have

been addressed again in this Order.  Because Drake's motion does not meet the standard for relief

under Rule 59(e), her motion to vacate [32] is denied.

III.    Conclusion

Based on the foregoing, Plaintiff's motion to vacate [32] is denied, and Defendant's

motion for summary judgment [27] is granted.  This action is dismissed with prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

   **SO ORDERED AND ADJUDGED** this the 17th day of February, 2015.

                              s/ *Daniel P. Jordan III*
                              UNITED STATES DISTRICT JUDGE